**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**
Civil Action No.: **3:04 CV 616 - MU**

KEVIN LYNN THOMAS,

Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES,
LLC.

Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Equifax Information Services LLC hereby files its Notice of Removal of the above-captioned action to this Court and state as follows:

1.      Equifax is the named defendant in Civil Action No. 04-CVS-19988 filed in the General Court of Justice, Superior Court Division, for the State of North Carolina, County of Mecklenburg (the "State Court Action").

2.      The Complaint in the State Court Action was filed with the Clerk of the Court on November 10, 2004. On information and belief, defendant Equifax was served with the Complaint on November 16, 2004.

3.      This Notice is being filed with this Court within thirty (30) days after defendant Equifax received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.      A copy of all process, pleadings, and orders served upon Equifax in the State Court Action is attached hereto as Exhibit A.

5.      To the best of the knowledge of Equifax, no other proceedings, process, pleadings, orders, or other papers, have been filed or served in the State Court Action.

6.      Equifax Information Services LLC is a Georgia Limited Liability Company that operates as a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f).

7.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the constitution, laws or treaties of the United States; specifically under 15 U.S.C. §§ 1681, *et. seq.*, otherwise known as the Fair Credit Reporting Act, as follows:

(a)     Plaintiff's complaint expressly alleges that Equifax violated the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq.*).

(b)     The Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681p, provides that any action brought under this chapter may be brought in any appropriate United States District Court without regard to the amount in controversy.

8.      All defendants in the State Court Action consent to this Notice of Removal.

9.      Promptly after the filing of this Notice of Removal, Equifax shall provide notice of the removal to Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Respectfully submitted this 15th day of December, 2004.

EQUIFAX INFORMATION SERVICES LLC

C. Marshall Lindsay (NCSB: 25686)
Kilpatrick Stockton LLP
214 North Tryon Street, Suite 2500
Charlotte, North Carolina  28202
Telephone No.:  (704) 338-5000
Facsimile No.:  (704) 338-5125

Of Counsel:

John J. Friedline
KILPATRICK STOCKTON LLP
1100 Peachtree St., Ste. 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 541-3207

3

# EXHIBIT A

Case 3:04-cv-00616-RJC-CH    Document 1    Filed 12/15/04    Page 4 of 10

# STATE OF NORTH CAROLINA

File No.
04-CVS-19988

_____Mecklenburg_____ County

In The General Court of Justice
☐ District ☒ Superior Court Division

| Name of Plaintiff | |
| --- | --- |
| Kevin Lynn Thomas | **CIVIL SUMMONS** |
| *Address* | ☐ **Alias and Pluries Summons** |
| *City, State, Zip* | |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name of Defendant(s)* | *Date Original Summons Issued* |
| Equifax Information Services, LLC | *Date(s) Subsequent Summon(es) Issued* |

## To Each of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
| --- | --- |
| Equifax Information Services, LLC<br>c/o Corporation Service Company, Registered Agent<br>327 Hillsborough Street<br>Raleigh, NC 27603 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued 11/10/04 | Time 11:21 ☒ AM ☐ PM |
| --- | --- | --- |
| JOHN W. TAYLOR, P.C.<br>P.O. Box 472827<br>Charlotte, NC 28247 | Signature *Jennifer L. Ammons* | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time<br>☐ AM ☐ PM |
| --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** *Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 04-CVS-19988

KEVIN LYNN THOMAS,　　　　)
　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　)
　　　　　　　　　　　　　　)　　COMPLAINT
EQUIFAX INFORMATION SERVICES, LLC,　)　　(JURY TRIAL DEMANDED)
　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　)

The Plaintiff, complaining of the acts of the Defendant, says and alleges:

1. This is an action to recover damages under the Fair Credit Reporting Act and North Carolina law and for declaratory and injunctive relief.

2. Upon information and belief, in or around July 2004, an individual bearing the same name as the Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court of the Western District of North Carolina, Charlotte Division.

3. The Plaintiff did not file a Chapter 7 bankruptcy petition in or around July 2004.

4. The Defendant has represented in the Plaintiff's credit file that the Plaintiff filed a Chapter 7 bankruptcy petition in or around July 2004 . This representation was false, deceptive and misleading.

5. The Defendant has included the false, deceptive and misleading representation in the credit file of the Plaintiff causing it to appear on consumer reports regarding the Plaintiff provided to third parties.

6. The Plaintiff's credit worthiness has been repeatedly compromised by the acts and omissions of the Defendant.

7. In or around August 2004, the Plaintiff disputed the inclusion of the false, deceptive, and misleading information in his credit file with the Defendant.

8. In response to the Plaintiff's dispute, the Defendant verified to the Plaintiff that the Chapter 7 bankruptcy petition filed in or around July 2004 belonged to him and refused to remove the false, deceptive and misleading information from the Plaintiff's credit file.

9. Thereafter, the Plaintiff again contacted the Defendant via telephone and informed it that the Chapter 7 bankruptcy petition filed in or around July 2004 did not belong to him.

-1-

Case 3:04-cv-00616-RJC-CH　　Document 1　　Filed 12/15/04　　Page 6 of 10

10. The Defendant again refused to remove the false, deceptive and misleading information from the Plaintiff's credit file.

11. As a result, the Defendant failed in its duties to reinvestigate the information disputed by the Plaintiff.

12. As a result of the derogatory information reported by the Defendant, Plaintiff has been denied credit.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

13. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

14. Pursuant to Article 26, Chapter 1 of the North Carolina General Statutes, the Plaintiff is entitled to a declaration that the false, deceptive and misleading information should not be included in the Plaintiff's credit file.

## SECOND CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act)

15. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

16. The Plaintiff is a consumer as contemplated by the FCRA section 1681a(c).

17. The Defendant is a consumer reporting agency as defined in section 1681(f) of the FCRA regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

18. The Defendant willfully and/or negligently violated the provision of the FCRA as follows:

    a. By failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports during the preparation of the consumer reports concerning the Plaintiff;

    b. By failing to delete incomplete and inaccurate information in Plaintiff's file after conducting a reinvestigation, in violation of section 1681i(a);

    c. By failing to comply with FCRA section 1681i.

19. As a result of the Defendant's violations of the FCRA, the Plaintiff suffered actual damages, including injury to his credit reputation and has suffered undue worry, anxiety and loss of happiness.

-2-

## THIRD CAUSE OF ACTION
### (Defamation)

20. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

21. The Defendant has falsely represented that the Plaintiff filed a Chapter 7 bankruptcy petition in or around July 2004.

22. The false representation caused actual damages to the Plaintiff, including injury to credit reputation, undue worry, anxiety and loss of happiness.

23. The false representation was made willfully, maliciously and made with an intent to injure the Plaintiff or was made with a reckless and wanton disregard for the truth.

24. The Plaintiff is entitled to recover actual and punitive damages from the Defendant as a result of the false representation.

## FOURTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

25. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

26. The actions of the Defendant constitute unfair and deceptive practices in violation of N.C.G.S. § 75-1.1.

27. The Plaintiff has suffered actual damages as a proximate cause of the Defendant's actions.

28. The Plaintiff is entitled to recover from the Defendant treble damages in excess of $10,000 and attorney fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1.

## FIFTH CAUSE OF ACTION
### (Injunctive Relief)

29. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

30. The Plaintiff is entitled to an order requiring the Defendant to remove any and all information regarding the Chapter 7 bankruptcy petition filed in or around July 2004 from his credit file and to an order enjoining the Defendant from ever including the bankruptcy referenced herein in his credit file in the future and from ever representing to any third party that the Plaintiff filed a Chapter 7 bankruptcy petition in or around July 2004.

WHEREFORE, the Plaintiff respectfully prays the Court:

-3-

1. That the Court declare he did not file a Chapter 7 bankruptcy petition in or around July 2004 and that the false, deceptive and misleading information should not be included in the Plaintiff's credit file.

2. That the Court enter an order requiring the Defendant to remove any and all information regarding the Chapter 7 bankruptcy petition filed in July 2004 from his credit file and to an order enjoining the Defendant from ever including the herein referenced bankruptcy in his credit file in the future and from ever representing to any third party that the Plaintiff filed a Chapter 7 bankruptcy petition in or around July 2004.

3. That he have and recover from the Defendant actual and treble or punitive damages in an amount in excess of $10,000.00 to be determined by trial.

4. That he have and recover from the Defendant the costs of this action, together with a reasonable attorney's fee pursuant to the Fair Credit Reporting Act and N.C.G.S. Section 75-16.1.

5. That he have a trial by jury.

6. That he have and recover from the Defendant such other and further relief as may be just and proper.

DATED this 8th day of November 2004.

JOHN W. TAYLOR, P.C.

John W. Taylor, Bar No. 21378
Haley M. Jonas, Bar No. 30631
Attorneys for Plaintiff
P.O. Box 472827
Charlotte, NC 28247-2827
704-540-3622

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing

**NOTICE OF REMOVAL** by depositing same in the United States mail, properly addressed

with sufficient postage affixed thereto to ensure delivery to:

John W. Taylor
PO Box 472827
Charlotte, NC 28247-2827

Dated: December 15, 2004.

_____
C. Marshall Lindsay

4